**Phyllis A. SHERMAN, and Pell L. Sherman, her husband, Plaintiffs,**

v.

**James B. McCLEMENTS, M.D., and The. Medical Malpractice Review Panel, consisting of Craig B. Smith, Esq., Gloria M. Suazo, M.D., Lolita R. Salameda, M.D., William H. Bentz, Joseph P. Colonna, Defendants.**

Superior Court of Delaware, Sussex County.

Submitted Nov. 10, 1981.

Decided Nov. 18, 1981.

H. Clay Davis, III, of Davis & Marshall, P.A., Georgetown, for plaintiffs.

Warren B. Burt, Wilmington, for defendant McClements.

Roger A. Brown, Wilmington, for defendant The Medical Malpractice Review Panel.

OPINION

TEASE, Judge.

This case involves a motion by the plaintiff in a medical malpractice action to strike a decision by a medical malpractice review panel. The grounds for the motion are that a physician member of the panel failed to disclose a malpractice action pending against her at the time she deliberated. the evidence before the panel in this case.

In response to appellants' motion under 18 *Del.C.* § 6811 and *Superior Court Civil Rule* 60, I have considered the arguments raised and authorities cited at the office conference held in chambers on Tuesday, November 10. While the case is a close one, I must, under the particular facts presented, grant appellants' motion and remand the action for a rehearing before a new malpractice review panel selected in accordance with the provisions of 18 *Del.C.* § 6805.

Initially, I am aware of the obvious inconveniences of time and expense which will result from this ruling. Such practical considerations, however, must not be allowed to rise to a position of such importance that they result in thwarting the accomplishment of a full, fair and just proceeding.

In the present case appellants correctly contend that Dr. Suazo's failure to disclose to the non-voting, ex-officio member of the review panel that a medical malpractice suit was pending against her was violative of Medical Malpractice Review Panel Rule 6(b). Under that Rule any circumstances which "*might*" affect the impartiality of a panel member must be disclosed. Clearly, a pending malpractice suit lodged against one of the physician panel members is a circumstance which might affect that individual's impartiality and, therefore, it must be disclosed. By so holding, I am not implying that a physician panelist should be subject to per se disqualification in every case in which a malpractice suit is pending against him or her. I am only holding that where, as here, the physician panelist fails to notify the ex-officio member of the panel of the fact that a malpractice action is pending against her and as a result no determination is made as to the objectivity and impartiality of the physician, fundamental fairness demands that a rehearing be held before a new panel.

In so holding, I am in agreement with the New Jersey Supreme Court's decision in *Corbo v. Crutchlow*, 86 N.J. 68, 429 A.2d 574 (1981), which affirmed the decision of the Superior Court, Appellate Division, cited by Mr. Davis. In that case the Court held that because the presiding judge of the malpractice review panel failed to question a physician panelist with a malpractice suit pending against him, in order to determine whether the doctor could objectively participate in the deliberations of the panel, and because there was no fair and reliable method of correcting that error, it was necessary to order another hearing before a new panel.

In *Lacy v. Green*, Del.Super., 428 A.2d 1171 (1981) the constitutionality of the malpractice review panel procedures was upheld. In that case the Court rejected the contention that the enabling legislation violates due process of law. In so holding, it stated that "absent evidence to the contrary, panel members must be presumed to be persons of honesty and integrity." I believe that while a pending malpractice action against a physician panelist does not rebut the presumption of honesty and integrity, the failure to disclose such fact and the circumstances relevant thereto, as required by the Medical Malpractice Review Panel Rules, is improper and can not be permitted.

For these reasons, I must remand this action for a rehearing before. a new panel.

It Is So Ordered.